IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEANA REBECCA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13cv413-CSC (WO) |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On July 22, 2014, the plaintiff filed a motion for attorney fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412(d). (Doc. # 17). The Commissioner objects to an award of fees because her "position was substantially justified." (Doc. # 19, Def's Res. at 1).

Plaintiff Leana Davis ("Davis") applied for and was denied disability insurance and supplemental security income benefits by the Commissioner. After her application was denied, she sought judicial review in this court. On May 22, 2014, the court concluded that the ALJ erred as a matter of law and remanded the case for further proceedings.[1] (Doc. # 15 at 9).

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner. *See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Thus, the plaintiff is a prevailing party.

The defendant argues that her position was substantially justified because "reasonable

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

people could disagree whether the ALJ's decision in this case was appropriate." (Doc. # 19 at 6.) That, of course, is not the standard. Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has *a reasonable basis in both law and fact*. The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (emphasis added).

It has long been the law of this circuit that the ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Kelley v. Heckler,* 761 F.2d 1538 (11th Cir. 1985). In addition, the Supreme Court has concluded that "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000). In this case, the court concluded that "the ALJ failed to fully develop the record with regard to the impact of the plaintiff's diarrhea on her ability to perform work and failed to develop the record regarding the plaintiff's financial ability to obtain medical treatment for her condition." (Doc. # 15 at 9). Thus, the court concluded that the ALJ committed legal error requiring a remand for further proceedings when she failed to comply with the legal requirement that she fully and fairly develop the record. *Id*. Thus, the Commissioner's position in this litigation did not have a reasonable

basis in *law*. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because the Commissioner "was substantially justified in her position" and that a court "could have found" that the ALJ had properly performed her duties. *See* Doc. # 19 at 5 ("a court could have found that the ALJ implicitly considered Plaintiff's need for bathroom breaks"); *id*., ("[t]his opinin could have constituted substantial evidence"); and at 6 ("a court could have found this evidence supported the ALJ's decision."). The Commissioner's argument is purely speculative, and misses the mark because, based on the ALJ's failure to properly follow the law, the court was unable to determine whether substantial evidence supported the ALJ's disability determination. The ALF's failure to properly consider the impact of Davis' diarrhea and need for frequent bathroom breaks on her ability to perform work prevented the court from being able to conclude that the Commissioner's position was substantially justified. Furthermore, the arguments presented by the Commissioner in opposition to an award of fees merely rehash her arguments in support of the ALJ's determination. The Commissioner offers potential rationales for the ALJ's findings but those rationales do not excuse the ALJ's failure to properly develop the record and explain her findings. The Commissioner's position was not substantially justified because the ALJ failed in *her* duties to fully develop the record and properly evaluate all the evidence. Consequently, the court concludes that the Commissioner's position was not reasonable in *law*, and the plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $2,470.17. The Commissioner does not

challenge any of the hours expended by counsel as unreasonable nor does she challenge the hourly rate. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 17) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees in the amount of $2,470.17. It is further

ORDERED, to the extent that plaintiff's counsel requests that fees be awarded directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.[2] *See* 28 U.S.C. § (d)(2)(B). The motion that fees be paid directly to counsel is hereby DENIED.

Done this 7th day of August, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

[2] On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738. On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").